20001. STATE HIGHWAY DEPARTMENT OF GEORGIA
*v.* BLALOCK *et al.*

ARGUED FEBRUARY 10, 1958—DECIDED MARCH 7, 1958.

30

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Lamar L. Murdaugh, Assistant Attorneys-General, Ariel V. Conlin,* for plaintiff in error.

*John T. Ferguson, A. L. Kelley, Jr., Robert R. Forrester,* contra.

WYATT, Presiding Justice. The Highway Department claimed title to the property in question under a deed from Mrs. Lillian Sineath Fournier, dated November 15, 1940. The defendant claimed title under a deed to W. L. Walker, dated January 21, 1952, and a deed from Walker to Willard Blalock dated July 15, 1953. The question presented, therefore, is whether or not the deed to the Highway Department covered the property in question or was sufficient to put the defendant on notice of the claim of title by the Highway Department. The description of the property as contained in the deed to the Highway Department reads as follows: "I do hereby grant, bargain, sell and convey to said Highway Board of Georgia, and their successor in office so much land as to make a right of way for said road, as surveyed and as shown on said map 100 feet wide or as shown by description below, hereby selling and conveying enough of my land to make said right of way said width through my land; said land being known as the . . . . . . place in the . . . . .

District of said County, and on the said Highway known as the Tifton-Ocilla Public Road. The land herein conveyed is further described as follows:

"All that portion of land belonging to the undersigned, which lies within the right of way lines as shown on the plan for Federal Aid Project No. 2703-B(1), which plans are on file in the office of the State Highway Board of Georgia, Atlanta, Ga. Said right of way beginning at Station 3-30 which is the boundary line between the land of R/W State Route 50 and the undersigned party, and continuing to Station 4-90 which is the boundary lines between the lands of the undersigned and further land of Mrs. Fournier. The right of way covered by this deed is best shown by attached sketch. The right of way begins and ends where said Highway location enters and leaves my property and is bounded by my property lines as already established as above indicated and total approximately 160 lineal feet or 0.213 acres."

The sketch attached to the deed showed the intersection of State Route 37 and State Route 50, showing each of said roads to be 100 feet in width. In the triangular tract at the intersection of the two highways, there are straight lines or marks with the figures 160, 115, and 175 appearing on the three sides of the triangles. We discover nothing in the deed or sketch that would put an innocent purchaser upon notice that the Highway Department claimed any land located in this triangle, and we are here dealing with an innocent purchaser for value. The description in the deed expressly describes the land conveyed as a right of way 100 feet wide. The sketch attached shows a right of way 100 feet wide as to both highways, and no reason appears, in so far as the description in the deed or the sketch attached is concerned, why the lines and figures were placed in the triangle at the intersection of the two highways. Clearly the description in the deed purports to convey a right of way 100 feet in width. This could not possibly include the triangular tract in question.

It follows the judgment of the court below was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*